# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| HARVEY STANFORD | § | |
| | § | |
| V. | § | CASE NO. 4:11-CV-106 |
| | § | |
| MICHAEL ASTRUE COMMISSIONER OF | § | |
| SOCIAL SECURITY ADMINISTRATION | § | |

## MEMORANDUM OPINION AND ORDER OF
## UNITED STATES MAGISTRATE JUDGE

The Plaintiff brings this appeal under 42 U.S.C. § 405(g) for judicial review of a final decision of the Commissioner denying his claim for Disability Insurance Benefits ("DIB"). After carefully reviewing the briefs submitted by the parties, as well as the evidence contained in the administrative record, the Court finds that the Commissioner's decision should be **REMANDED** as set forth below.

## HISTORY OF THE CASE

Plaintiff protectively filed an application for Supplemental Security Income disability benefits under Title II of the Social Security Act on February 15, 2001, claiming entitlement to disability benefits due to severe heart disease, major depression, anxiety, and bi-polarism. Plaintiff's application was denied initially and on reconsideration. Pursuant to Plaintiff's request, a hearing was held before an Administrative Law Judge (ALJ) in Dallas, Texas on January 6, 2009. Plaintiff was represented by counsel at the proceeding. At the hearing, the ALJ's psychological medical expert, Alvin Smith, Ph. D., and the ALJ's vocational expert (VE), Russell Bowden, testified.

On August 12, 2009, the ALJ denied Plaintiff's claim, finding Plaintiff "not disabled." Plaintiff requested Appeals Council review, which the Appeals Council denied on December 6, 2010. Therefore, the August 12, 2009 decision of the ALJ became the final decision of the Commissioner for purposes of judicial review under 42 U.S.C. § 405(g). *See* 20 C.F.R. § 404.981 (2005).

## ADMINISTRATIVE LAW JUDGE'S FINDINGS

After considering the record, the ALJ made the prescribed sequential evaluation. The ALJ made the following findings:

1. The claimant met the insured status requirements on November 6, 2007, the earliest date under consideration herein, and he will continue to meet the insured status for the requirements of the Social Security Act at least through December 31, 2009.

2. The claimant has not engaged in substantial gainful activity since November 6, 2007, the earliest date under consideration here in (20 C.F.R. §§ 404.1571 *et seq*.).

3. At all times from November 6, 2007 through the date of this decision the claimant has the following severe impairments: coronary artery disease status post coronary artery bypass grafting with surgical residuals of some left upper extremity weakness, hypertension, a major depressive disorder, and an anxiety disorder (20 C.F.R. § 404.1520(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1525 and 404.1526).

5. After careful consideration of the entire record, I find that the claimant has the residual functional to perform light work as defined in 20 C.F.R. 404.1567(b) except for the inability to more than occasionally climb ramps or stairs; climb ladders, ropes, or scaffolds; balance; stoop; kneel; crouch; or crawl. Additionally, he has the inability to more than occasionally reach, handle, and finger with his left upper extremity; inability to perform detained or complex job tasks; and inability to perform work requiring more than incidental public contact. Specifically, he retains the residual functional

2

capacity to frequently lift and/or carry 10 pounds and occasionally up to 20 pounds; sit 6 hours in an 8-hour workday; stand and/or walk 6 hours in an 8-hour workday; push and/or pull commensurate with lifting limitations; understand, remember, and carry out simple (1 and 2 step) instructions; respond appropriately to supervisors, co-workers, and usual work situations; and deal with changes in a routine work setting at all times from November 6, 2007, the earliest date under consideration herein, through the date of this decision. During this time period, he does not have the non-exertional limitations of inability to more than occasionally climb ramps or stairs; climb ladders, ropes, or scaffolds; balance; stoop; kneel; crouch; or crawl; and inability to more than occasionally reach, handle, and finger with his left upper extremity (20 C.F.R. § 404.1567(b) and SSRs 85-15 and 96-8P).

6. The claimant is unable to perform any past relevant work (20 C.F.R. § 404.1565).

7. The claimant was born on July 6, 1956 and was 51 years old, which is defined as an individual closely approaching advanced age, on November 6, 2007, the earliest date under consideration (20 C.F.R. § 404.1563).

8. The claimant has at least a high school education and is able to communicate in English (20 C.F.R. §§ 404.1564).

9. The claimant's acquired job skills do not transfer to other occupations within the residual functional capacity defined above (20 C.F.R. § 404.1568 and SSR 82-41).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 C.F.R. §§ 404.1569 and 404.1569a).

11. The claimant has not been under a disability, as defined in the Social Security Act, from November 6, 2007, the earliest date under consideration herein, through the date of this decision (20 C.F.R. § 404.1520(g)).

(Tr. 28-57).

## STANDARD OF REVIEW

Judicial review of the Commissioner's final decision of no disability is limited to two inquiries: whether the decision is supported by substantial evidence in the record, and whether the proper legal standards were used in evaluating the evidence. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994). If supported by substantial evidence, the Commissioner's findings are conclusive and must be affirmed. *Richardson v. Perales*, 402 U.S. 389, 390 (1971). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Id.* at 401. The Court may not reweigh the evidence in the record, try the issues *de novo*, or substitute its judgment for that of the Commissioner. *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1995). A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings exist to support the decision. *Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th Cir. 1988). The Court is not to substitute its judgment for that of the Commissioner, and reversal is permitted only "where there is a conspicuous absence of credible choices or no contrary medical evidence." *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983).

The legal standard for determining disability under Titles II and XVI of the Act is whether the claimant is unable to perform substantial gainful activity for at least twelve months because of a medically determinable impairment. 42 U.S.C. §§ 423(d), 1382c(a)(3)(A); *see also Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985). In determining a capability to perform "substantial gainful activity," a five-step "sequential evaluation" is used, as described below.

# SEQUENTIAL EVALUATION PROCESS

Pursuant to the statutory provisions governing disability determinations, the Commissioner has promulgated regulations that establish a five-step process to determine whether a claimant suffers from a disability. 20 C.F.R. § 404.1520 (1987). First, a claimant who, at the time of his disability claim, is engaged in substantial gainful employment is not disabled. 20 C.F.R. § 404.1520(b) (1987). Second, the claimant is not disabled if his alleged impairment is not severe, without consideration of his residual functional capacity, age, education, or work experience. 20 C.F.R. § 404.1520(c) (1987). Third, if the alleged impairment is severe, the claimant is considered disabled if his impairment corresponds to an impairment described in 20 C.F.R., Subpart P, Appendix 1 (1987). 20 C.F.R. § 404.1520(d) (1987). Fourth, a claimant with a severe impairment that does not correspond to a listed impairment is not considered to be disabled if he is capable of performing his past work. 20 C.F.R. § 404.1520(e) (1987).

At the fifth step, it must be determined whether claimant could perform some work in the national economy. A claimant who cannot return to his past work is not disabled if he has the residual functional capacity to engage in work available in the national economy. 20 C.F.R. § 404.1529(f) (1987); 42 U.S.C. § 1382(a).

At this juncture, the burden shifts to the Commissioner to show that there are jobs existing in the national economy which Plaintiff can perform, consistent with his medically determinable impairments, functional limitations, age, education, and work experience. *See Bowen v. Yuckert*, 482 U.S. 137 (1987). Once the Commissioner finds that jobs in the national economy are available to the claimant, the burden of proof shifts back to the claimant to rebut this finding. *See Selders v. Sullivan*, 914 F.2d 614, 618 (5th Cir. 1990).

In this case, a determination was made at the fifth step.

**ANALYSIS**

In his first point of error, Plaintiff contends that the ALJ failed to apply proper weight to the treating and examining opinions of his doctors. The Fifth Circuit has required that the treating doctor's opinion be given "great weight." *Leggett v. Chater,* 67 F.3d 558, 566 (5th Cir. 1995); *Greenspan v. Shalala,* 38 F.3d 232, 237 (5th Cir. 1994). The ALJ cannot reject a medical opinion without an explanation for doing so. *Loza v. Apfel,* 129 F.3d 378, 395 (5th Cir. 2000). However, a treating physician's opinions are far from conclusive and may be assigned little or no weight when good cause is shown. *Myers v. Apfel,* 238 F.3d 617, 621 (5th Cir. 2000). The opinion of a treating source will not be given controlling weight if it is inconsistent with the other substantial evidence of record. *Spellman v. Shalala,* 1 F.3d 357, 364-65 (5th Cir. 1993).

Plaintiff states that the opinion of Dr. Harrison was improperly rejected. Plaintiff only states in general terms that the ALJ improperly rejected Harrison's opinions. However, the ALJ found that Plaintiff had a severe impairment of major depressive disorder, the same diagnosis given by Harrison. As the ALJ notes, Harrison was not a treating doctor but gave a one time consultative exam. As such, Harrison is not entitled to any special deference as a treating physician. *See Robinson v. Astrue*, 271 Fed. Appx. 394, 396 (5th Cir. 2008). The records note that Plaintiff, at the time he went to Harrison, was referred by his lawyer and had not previously sought mental health counseling (TR 412, 414).

The ALJ notes the considerations he is to apply under 20 C.F.R. 404.1527(d)(2) and SSRs 96-2p and 96-5p. He acknowledges that, though not entitled to controlling weight, the opinion of Harrison must still be considered. The ALJ notes that the mental exam was relatively benign and

6

not indicative of the limitations found. Dr. Smith, the ME, testified that the results of the test demonstrate diagnostic testing within normal range. The ALJ cites the testing and the longitudinal evidence of the record which demonstrate no mental health complaints prior to Harrison's examination. The ALJ finds that the assessment is not entitled to evidentiary weight. As to Dr. Strom, he refers to upper left extremity weakness which the ALJ recognizes. Dr. Strom saw the claimant once for a consultative exam at the request of Disability Services. The ALJ does note that Dr. Strom's opinion is that Plaintiff's cognitive impairment may interfere with work activities. The ALJ did find that Plaintiff was restricted to understanding, remembering, and carrying out simple tasks.

Harrison and Strom are considered non-treating sources. A non-treating source is an examination by an acceptable medical source absent an ongoing treatment relationship. 20 C.F.R. 404.1502. As required, the ALJ did evaluate the medical opinions of the above named sources. In sum, the ALJ is entitled to determine the credibility of medical experts as well as lay witnesses and weigh their opinions accordingly. *See Greenspan v. Shalala*, 38 F.3d 232 (5th Cir. 1994).

Plaintiff also contends that the ALJ did not discuss Dr. Karla's consultative exam. The patient's complaint, as noted by Dr. Karla, is that "I try to get my disabilities" (TR 543). This, the ALJ did note. The ALJ further noted that no records were provided, only a self- reporting history by the Plaintiff. Dr. Karla's diagnosis is Major Depression – the same condition the ALJ found to be severe. Dr. Karla assessed Plaintiff's GAF score at 45-50 – again, based on what the Plaintiff had told him. The ALJ is not required to discuss individual GAF scores.

The Commissioner has specifically declined to endorse the GAF scale for use in the disability programs and has stated that it "does not have a direct correlation to the severity requirements in our

mental disorders listings." Revised Medical Criteria for Evaluating Mental Disorders and Traumatic Brain Injury, 65 Fed.Reg. 50,746, 50,764–65 (Aug. 21, 2000); *see also Cromwell v. Astrue,* 2011 WL 666282, at *7 (N.D.Tex. 2011). The GAF score was part of the record, and the ALJ did consider the same.

Plaintiff's argument that the ALJ failed to accept many of the doctors' findings that he is unable to work is of no avail. As noted in *Frank v. Barnhart*, 326 F.3d 618,620 (5th Cir. 2003), a physician's opinion that a claimant is disabled or unable to work is not the type of opinion entitled to controlling weight or even special significance. These are matters reserved for the ALJ.

The ALJ did review and comment on Dr. Gleason's records at length. The ALJ noted that no objective medical evidence from any doctor sustains a bipolar disorder. The ALJ noted that Gleason and Harrison diagnosed Plaintiff with a major depressive disorder. The ALJ did give credence to the treating sources' opinions that Plaintiff has some functional limitations. However, the ALJ did not accept the fact that the functional limitations, as expressed, are supported by the longitudinal record. Based on the record and Dr. Smith's testimony at the hearing, the ALJ found moderate restrictions and no evidence of decompensation. Although the ALJ found that Plaintiff met the "A" criteria for listings 12.04 and 12.06, he found that he did not meet the "B" criteria.

In activities of daily living, the ALJ gives several reasons why he only finds a moderate restriction. The ALJ notes there are voluminous inconsistencies of record with respect to his daily activities. He notes that Dr. Gleason's notes simply do not support a more marked restriction. Again, he gives his reasons for discounting Dr. Gleason's opinion on the basis of social functioning. As the ALJ notes, Dr. Gleason's opinion as to marked limitations in concentration, persistence and

pace are not borne out by the objective clinical testing. Again, the ALJ gives his reasons for rejecting Dr. Gleason's opinion as to evidence of decompensation.

The ALJ also notes the clinical notations of Doctors Sisk, Gangsani and Davis which to the ALJ evidence no psychological complaints well over five years post surgery. He notes in the records of Dr. Harrison that, on a typical day, the Plaintiff does non-vigorous exercise and performs household chores. And the ALJ notes that, despite Plaintiff's assertions to the contrary, he remains fairly active on a daily basis. The ALJ notes that a stress test performed on the plaintiff indicates he can do ordinary physical activity with no limitations. The ALJ notes that Dr. Harrison's mental exam was rather benign. The ALJ also notes the inconsistencies in Dr. Gleason's findings and notes that secondary gain is involved. The ALJ cites the absence of psychological treatment prior to his referral to Dr. Harrison; the rather benign mental examinations and the relatively normal diagnostic testing.

Plaintiff also submitted new evidence to the Appeals Council – the mental evaluation of Dr. Jones. This Court is under an obligation to consider and address the new evidence submitted to the Appeals Council. *See Higginbotham v Barnhart*, 405 F.3d 332 (5th Cir. 2005). It is Plaintiff's responsibility to demonstrate how the new evidence would have changed the ALJ's decision. *See Primm v. Astrue*, 2010 WL 5677051 (W.D. La. 2010). The question becomes whether such new evidence is so inconsistent with the record that was before the ALJ.

Plaintiff maintains that Dr. Jones corroborated the opinions of Gleason and Harrison. By Plaintiff's own admission, there is nothing so inconsistent with the record that was before the ALJ. In fact it was consistent. For example, the GAF assigned by Jones was 50, the same score as before. His IQ measurement was nearly the same. On one of the records submitted to the Appeals council

is a record from Dr. Davis. On the psychiatric note, the patient denies depression, memory loss, stress or anxiety – all contrary to what he and his wife are telling the other doctors (TR711). Point of error 1 is overruled.

Plaintiff's second point of error is that the ALJ's determination that plaintiff can perform jobs in the national economy at step 5 is not supported by substantial evidence. The ALJ gave the VE his hypothetical and asked whether there were jobs in the national economy that Plaintiff could perform with the limitations recognized by the ALJ. The VE identified three jobs. Although the ALJ asked whether the jobs were consistent with the DOT, the VE stated that there was no conflict. Plaintiff maintains that there is an obvious conflict, since Plaintiff is limited to occasional fingering and handling with his left upper extremity. Plaintiff argues that, if he were limited to sedentary activity rather than light, the medical vocational guidelines would direct a finding of disabled.

The VE testified that there were over 700 unskilled light occupations represented by a little over 500,000 jobs in Texas that the Plaintiff could do. The VE gave three examples of those type of jobs. One of the jobs noted was DOT 529.687-186. The job description is light with a SVP of 2. Nothing in the description refers to constant bilateral use of the hands.

After the close of the hearing and before the Appeals Council decision, Plaintiff submitted the report of VE Tami Donaldson. Her opinion is that, given the RFC found by the ALJ, the Plaintiff cannot perform the jobs identified by the testifying VE, Bowden. Her report concludes that the jobs noted by the VE would require constant bilateral use of hands which would be precluded by the ALJ's RFC of only occasional left upper extremity use. "A finding based on unreliable VE testimony is equivalent to a finding that is not supported by substantial evidence and must be vacated." *Britton v. Astrue,* 521 F.3d 799, 803 (7th Cir. 2008). Morever, the Fifth Circuit, in *Carey*

*v. Apfel*, held that an erroneous characterization of a job's exertional requirements or skills required to perform a particular job calls into question both the probative value and reliability of the expert's testimony and that an unexplained discrepancy between the ALJ's RFC finding and the definition of the identified jobs in the DOT would necessitate remand. *See Carey v. Apfel,* 230 F.3d 131 at 147 (5th Cir. 2000).

The case should be remanded on the narrow point of whether the ALJ's RFC as to limited upper-level extremity limits Plaintiff from performing the jobs identified by the VE.

Pursuant to the foregoing, the decision of the Administrative Law Judge is **REMANDED** as to point of error 2 only.

**SO ORDERED**.

**SIGNED this 26th day of February, 2013.**

　　　　　　　　　　　　　　　　　　　　　
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE